**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John CONSIGLIO, aka Giovanni Consiglio, Defendant–Appellant.**

No. 88–5117.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 1989.

Decided Jan. 24, 1989.

Michael Pancer, San Diego, Cal., for defendant-appellant.

Roger W. Haines, Jr., Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before ALARCON, BRUNETTI and THOMPSON, Circuit Judges.

BRUNETTI, Circuit Judge:

On August 21, 1987, the appellant was arrested and charged with conspiracy to possess and distribute cocaine after he allegedly delivered $69,680 to an undercover DEA agent for the purchase of six kilograms of cocaine. The funds were seized and the government initiated a civil *in rem* action against the funds pursuant to the forfeiture provisions of 21 U.S.C. § 881. The appellant filed a motion to compel the government to release $50,000 of the seized funds to enable him to retain defense counsel in his criminal trial. The district judge denied the motion under the fourth circuit's reasoning in *In re Caplin & Drysdale*, 837 F.2d 637 (4th Cir.1988), *cert. granted*, —— U.S. ——, 109 S.Ct. 363, 102 L.Ed.2d 352 (1988), which held that the sixth amendment right to counsel does not include the right to retain counsel with funds that are subject to statutory forfeiture. We are unable to reach the merits of this appeal because the ruling on the motion being appealed from is not a final order under 28 U.S.C. § 1291, and the collateral order exception does not apply. Accordingly, the appeal is dismissed because the panel is without jurisdiction to consider this matter.

28 U.S.C. § 1291 limits appellate jurisdiction to "final decisions of the district courts." The collateral order doctrine provides an exception to section 1291 when its application "would practically defeat the right to any review at all." *Cobbledick v. United States*, 309 U.S. 323, 324–25, 60 S.Ct. 540, 540–41, 84 L.Ed. 783 (1940). To fall within the collateral order doctrine three conditions must be met: (1) the order must "conclusively determine the disputed question," (2) it must "resolve an important issue completely separate from the merits of the action," and (3) it must be "effectively unreviewable on appeal from a final judgment." *See Flanagan v. United States*, 465 U.S. 259, 265, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984). Because the appellant's claim is grounded in the sixth amendment right to counsel, the third component of the collateral order doctrine is not satisfied in this appeal. *Id.* at 268, 104 S.Ct. at 1056; *United States v. Greger*, 657 F.2d 1109, 1113 (9th Cir.1981).

The panel is without jurisdiction to consider the merits of this appeal.

DISMISSED.